No. DA 06-0291

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 306N

IN THE MATTER OF J.F. and A.F.,

     Youths in Need of Care.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DN-03-23
Honorable Ed McLean, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

     Kathleen Foley; Boggs & Foley Law Office, Missoula, Montana

     For Respondent:

     Hon. Mike McGrath, Attorney General, Helena, Montana

     Kathleen Jenks, Assistant Attorney General, Child Protection
Unit, Missoula, Montana

Submitted on Briefs: October 25, 2006

Decided:   November 28, 2006

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 The biological father of J.F. and A.F. appeals from the order entered by the Fourth Judicial District Court, Missoula County, terminating his parental rights. He contends some of the District Court's findings are clearly erroneous and the evidence was not clear and convincing, as required for termination under § 41-3-609(1)(f), MCA. He sets forth various witnesses' testimony at length, asserting certain professionals acted inappropriately and others did not believe termination was appropriate. He also asserts he substantially complied with his treatment plan.

¶3 For the most part, the biological father's arguments are not supported by authority, as required by Rule 23(a)(4), M.R.App.P. *See In re T.H.*, 2005 MT 237, ¶ 43, 328 Mont. 428, ¶ 43, 121 P.3d 541, ¶ 43. He advances §§ 41-3-609(1) and (2), MCA. He also cites to two cases for the standard of review, a parent's fundamental liberty interest in child abuse and neglect proceedings, and the criteria for termination under § 41-3-609(1)(f), MCA. In his reply brief, he advances one of the two above-mentioned cases—*In re E.K.*, 2001 MT 279, ¶ 43, 307 Mont. 328, ¶ 43, 37 P.3d 690, ¶ 43 (citation omitted)—for the proposition that conflicting evidence "'does not automatically preclude a finding that clear and convincing evidence to support a given position exists.'" He asserts this language leaves open the possibility that, in the face of conflicting evidence, a court might properly find that clear and

2

convincing evidence does not exist to support termination.

¶4 We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that this appeal is without merit because substantial credible evidence supports many of the District Court's findings, and the biological father has not established error or abuse of discretion in the court's determination that clear and convincing evidence justified termination pursuant to § 41-3-609(1)(f), MCA.

¶5 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ BRIAN MORRIS